IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| MIDLAND NATIONAL LIFE INSURANCE COMPANY, | ) ) ) | Civil No.: 3:11-cv-00957-JE |
| Plaintiff, | ) ) ) | FINDINGS AND RECOMMENDATION |
| v. | ) ) | |
| DEBRA K. LACHELN, formerly known as DEBRA KIM PAINTER, AMY EILEEN PAINTER, and THE ESTATE OF RALPH ARTHUR PAINTER | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Joseph Hasman
Chittenden Murday & Novotny, LLC
303 W. Madison St., Suite 1400
Chicago, IL 60606

Medora Marisseau
Karr Tuttle Campbell
1201 3rd Avenue, Suite 2900
Seattle, WA  98101

    Attorneys for Plaintiff

Michael J. Knapp
621 SW Morrison St. Suite 900
Portland, OR 97205

    Attorney for Defendant Debra Lacheln

FINDINGS AND RECOMMENDATION – 1

Michael R. Seidl
Seidl Law Office, PC
121 SW Morrison Street, Suite 475
Portland, OR 97204

      Attorney for Defendants Amy Eileen Painter
      and the Estate of Ralph Arthur Painter

JELDERKS, Magistrate Judge:

Plaintiff Midland National Life Insurance Company ("Midland") brings this interpleader action against Defendants Debra Lacheln, Amy Eileen Painter and The Estate of Ralph Arthur Painter ("the Estate"). Pending before the court is Defendant Lacheln's Motion to Dismiss Defendants Painter's and the Estate's First Crossclaim seeking an award of attorney fees in this case.[1]

For the reasons set out below, Defendant Lacheln's motion to dismiss Defendants Painter's and the Estate's First Crossclaim should be granted.

## Factual Background

Midland's Complaint and the parties' motion papers allege the following facts.

Plaintiff Midland issued a term life insurance policy with a face amount of $250,000 to Ralph Arthur Painter ("Chief Painter") in October of 1997 naming Mr. Painter as the insured and Defendant Debra Lacheln (then Debra Painter) as the primary beneficiary. Chief Painter was the Chief of Police for the City of Rainier.

---

[1] Defendants Painter and the Estate initially filed, and Defendant Lacheln initially moved against, two crossclaims. Prior to oral argument the Court was informed that Defendants Painter and the Estate were withdrawing their second crossclaim leaving only the first as the subject of Defendant Lacheln's motion.

FINDINGS AND RECOMMENDATION – 2

On July 21, 2005, Chief Painter and Defendant Lacheln were divorced pursuant to a Stipulated General Judgment of Dissolution of Marriage. The divorce judgment contains a provision that

> [e]xcept as otherwise provided here, any designation of the now former spouse as a beneficiary of any benefit, including but not limited to . . . life insurance policies, . . . in which a party is able to designate a beneficiary to receive the proceeds of that asset on the death of that party, which was in place on or before the date of this judgment, is deemed to have been revoked. The benefit will be paid to the secondary or contingent beneficiary or, if no beneficiary is named, then to the decedent's estate. The surviving former spouse will cooperate with the decedent's estate in assuring this directive is completed, specifically including the affirmative responsibility to disclaim, in writing, and within nine months of the date of death, to assure that the surviving former spouse does not receive any benefit as a result of the decedent's failure to modify the beneficiary designation of the above described assets.

The judgment also provides that:

> As additional spousal support, Husband will maintain an insurance policy insuring his life in an amount not less than the outstanding balance owed on his spousal support obligation as defined in paragraph 4 above naming Wife as the primary beneficiary.
>
> The obligation to maintain this insurance will continue as long as Husband must pay spousal support as decreed by the court or an arrearage exists for accrued but unpaid support.

Chief Painter died intestate on January 5, 2011 and Plaintiff Midland became liable to pay death benefits under the policy in the amount of $250,000. Defendant Amy Painter is the court appointed administrator of Chief Painter's Estate. It is undisputed that Chief Painter never changed his beneficiary designation for the Midland policy and that Defendant Lacheln remained the named beneficiary at the time of Chief Painter's death. Following Chief Painter's death, Defendant Lacheln made claim to the policy's death benefit. There is no contingent beneficiary named in the policy; therefore, Chief Painter's Estate is the default contingent beneficiary under

FINDINGS AND RECOMMENDATION – 3

the terms of the policy.  The Estate also made claim to the death benefit and Plaintiff Midland responded to the parties' competing claims by filing the present interpleader action.  Midland has tendered the death benefit of Chief Painter's life insurance policy to the court and seeks protection from further liability for death benefits or otherwise under Chief Painter's policy to any person or entity claiming on or behalf of or through any of the defendants.

The Defendant Estate's[2] most recent position, as set out in its Second Amended Answer and Crossclaims, is that Defendant Lacheln is entitled to receive a portion of the life insurance proceeds measured by the remaining amount of spousal support she would have received under the divorce decree if Chief Painter had not died.  This amount is estimated to be approximately $50,000.  Defendant Lacheln's position is that she is entitled to receive the entire death benefit by operation of the terms of the insurance policy and the divorce judgment.

## Standards For Evaluating Motions To Dismiss For Failure To State A Claim Upon Which Relief May Be Granted

In evaluating a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept the allegations of material fact as true, and must construe those allegations in the light most favorable to the non-moving party.  Parks Sch. of Bus. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  A claim should be dismissed only if it appears beyond doubt that the plaintiff can establish no set of facts under which relief could be granted. Jacobsen v. Hughes Aircraft Co., 105 F.3d 1288, 1292 (9th Cir. 1997) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

---

[2] Because Defendant Amy Painter asserts that she claims only through the Estate, which filed a Response in its name only, I will refer only to the Defendant Estate when discussing the non-moving Defendants.

FINDINGS AND RECOMMENDATION – 4

**Discussion**

The Defendant Estate's First Crossclaim alleges that Defendant Lacheln had an affirmative duty, pursuant to the divorce judgment, to disclaim benefits from the Midland policy and that she breached this duty by asserting a claim for benefits in an amount in excess of what she was entitled to receive under the divorce judgment. The Defendant Estate further alleges that this breach has caused it damages in the form of attorney fees incurred as a result of Plaintiff Midland filing its interpleader action. The Defendant Estate asserts that it would not have otherwise incurred these damages but for Defendant Lacheln's "failure to comply with her legal obligations to disclaim any benefit under the Midland National policy."

Defendant Lacheln argues that the crossclaim should be dismissed because the Defendant Estate is seeking an award of attorney fees in this case and there is no basis in contract or statute for such an award. Defendant Lacheln correctly notes, and the Defendant Estate does not dispute, that under Oregon law a prevailing party in a civil lawsuit is not entitled to an award of its attorney fees unless such an award is authorized by contract or statute. See, e.g. Hughes v. Bembry, 256 Or. 172, 177-178 (1970). The parties agree that neither the divorce judgment nor any other contract or statute supports a claim for attorney fees. Defendant Lacheln argues that the Defendant Estate cannot, by merely couching its claim as one for consequential damages, bypass Oregon' s basic rule that each party in civil suit must pay its own attorney fees. See, e.g., Id.

The Defendant Estate cites the Oregon decision Swartsley v. Cal. Western Reconvyeance Corp., 212 Or. App. 365, (2007) in which the court indicated in a footnote that a plaintiff who files a complaint for wrongful initiation of civil proceedings may seek to recover as damages attorney fees incurred in the predicate proceeding. The Defendant Estate argues that Defendant

Lacheln's breach of her duty to disclaim caused the filing of this interpleader action which caused the Estate to incur attorney fees and that the result is the "functional equivalent" of a wrongfully initiated civil proceeding.  The Defendant Estate argues it is therefore entitled to seek damages as measured by the attorney fees it incurs in this proceeding as if Defendant Lacheln had filed a predicate wrongful suit.

Wrongful initiation of a civil proceeding is the civil counterpart to a malicious prosecution action.  <u>Kelly v. McBarron</u>, 258 Or. 149, 153 (1971).  Under Oregon law the elements of a wrongful initiation of a civil proceeding action are:

> (1) The commencement and prosecution by the defendant of a judicial proceeding against the plaintiff;
>
> (2) The termination of the proceeding in the plaintiff's favor;
>
> (3) The absence of probable cause to prosecute the action;
>
> (4) The existence of malice, or as is sometimes stated, the existence of a primary purpose other than that of securing an adjudication of the claim; and
>
> (5) Damages.
>
> <u>Alvarez v. Retail Credit Ass'n</u>., 234 Or. 255, 259-60 (1963).

The law recognizes as actionable the wrongful initiation of a civil proceeding and the policy of the law is to vindicate the rights of the victim.  <u>Hryciuk v. Robinson</u> 213 Or. 542, 560 (1958).[3]  The individual against whom the wrongful claim is made is harmed by being compelled to defend against a baseless claim commenced out of maliciousness.  The judicial process is adversely affected when used as a tool for malicious and meritless harassment.  It is appropriate

---

[3] Although the elements of an action for the wrongful initiation of a civil action are not identical to those for an action following a criminal prosecution, they are similar and cases such as <u>Hryciuk</u> are instructive on the measure of damages and the theory behind an award of damages. See <u>Restatement 2d Torts</u>, §§653, 674, 681.

that the victim of such a tort be permitted to recover the cost of defending the prior action, including reasonable attorney fees. Pereira v. Thompson, 230 Or. App. 640, 674 n.9 (2009).

In the present case, in contrast to the scenario described above, Defendant Lacheln has not initiated a predicate action nor is there any evidence that her claim to the insurance benefit was baseless or that her actions were motivated by any sense of malice. The divorce judgment did indeed require Defendant Lacheln to disclaim benefits from any policy existing at the time of the judgment. However, the judgment also required that as additional spousal support Chief Painter was to maintain a life insurance policy which named Defendant Lacheln as the primary beneficiary. According to the parties' allegations, at the time of Chief Painter's death, the Midland policy was the only life insurance policy in effect. The Defendant Estate concedes that Defendant Lacheln was entitled to receive proceeds from the policy in an amount measured by the remaining spousal support she would have received had Chief Painter not died. Under the circumstances, Defendant Lacheln had "probable cause" for asserting a claim at least as to a portion the proceeds. That her actions may have led to the filing of this interpleader action does not create a situation analogous to those in which courts have allowed for the recovery of attorney fees incurred in a prior action. The Defendant Estate urges the court to understand the "nuance" of its claim and recognize Defendant Lacheln's actions as the "functional equivalent" of wrongfully initiating civil proceedings. I decline to do so and recommend that Defendant Lacheln's motion to dismiss the Defendant Estate's and Defendant Painter's First Crossclaim be granted.

FINDINGS AND RECOMMENDATION – 7

**Conclusion**

For the reasons set out above, Defendant Lacheln's motion to dismiss the Defendant Estate's and Defendant Painter's First Crossclaim (#17) should be GRANTED.

**Scheduling Order**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due April 13, 2012. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 27th day March, 2012.

/s/ John Jelderks  
John Jelderks  
U.S. Magistrate Judge

FINDINGS AND RECOMMENDATION – 8