IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MIDLAND NATIONAL LIFE                    3:11-CV-957-JE
INSURANCE COMPANY,

                                         ORDER

          Plaintiff,

v.

DEBRA LACHELN, f/k/a DEBRA
KIM PAINTER; AMY EILEEN
PAINTER; and ESTATE OF RALPH
ARTHUR PAINTER,

          Defendants.

BROWN, Judge.

    Magistrate Judge John Jelderks issued Findings and

Recommendation (#25) on March 27, 2012, in which he recommended

the Court grant Defendant Debra Lacheln's Motion to Dismiss (#17)

the First Crossclaim by Defendants Amy Eileen Painter and Estate

of Ralph Arthur Painter.  The Estate filed timely Objections

1 - ORDER

(#27) to the Findings and Recommendations.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

In its Objections, the Estate reiterates the arguments contained in its Response to Lacheln's Motion to Dismiss and stated at oral argument in support of its position that the Court should not dismiss its First Crossclaim for the attorneys' fees and costs of this action.  In its two briefs and at oral argument, the Estate cited only *Swartsley v. California Western Reconveyance Corp.*, 212 Or. App. 365 (2007), to support its position that it may properly recover its attorneys' fees from Lacheln.  The Magistrate Judge, however, correctly distinguished the claim for wrongful initiation of a civil proceedings at issue in *Swartsley* from the Estate's First Crossclaim.  Although the Estate characterizes its Crossclaim as one for breach of contract, the Court agrees with the Magistrate Judge that attorneys' fees cannot be awarded as damages for such a claim under Oregon law and are not recoverable by a prevailing party

2 - ORDER

except as provided by contract or by statute.  The parties agree there is not any contractual or statutory provision that would permit the Estate to receive an award of attorneys' fees under the circumstances.  Accordingly, the Court concludes the Estate's First Crossclaim should be dismissed.

After carefully considering the Estate's Objections, the Court concludes they do not provide a basis to modify the Findings and Recommendation.  The Court also has reviewed the remaining pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Jelderks's Findings and Recommendation (#25) and **GRANTS** Defendant Debra Lacheln's Motion to Dismiss (#17) the First Crossclaim by Defendants Amy Eileen Painter and the Estate of Ralph Arthur Painter.

IT IS SO ORDERED.

DATED this 4th day of June, 2012.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

3 - ORDER